OPINION OF THE COURT
Anne G. Feldman, J.
Defendant moves this court to hold CPL 400.27 (11) (a) unconstitutional on the grounds that the portion of the statute requiring a final determination of the appropriate sentence is vague and standardless, that such vagueness makes the sentencing determination unreviewable, and that it creates a risk of arbitrary and capricious sentencing. Separately, defendant argues that the second sentence of the paragraph providing for an individual juror’s consideration of mitigating factors is unconstitutionally permissive.
Vague and Standardless Challenge
CPL 400.27 (11) (a) provides in pertinent part that: “The jury may not direct imposition of a sentence of death unless it unanimously finds beyond a reasonable doubt that the aggravating factor or factors substantially outweigh the mitigating factor or factors established, if any, and unanimously determines that the penalty of death should be imposed.” (Emphasis supplied.)
Defendant claims that because the statute requires the jury to take two separate steps before it may render a death sentence, the absence of standards governing the second step leaves the jury impermissibly unguided.
Defendant’s argument is rejected. When viewed conjunctively this statutory provision meets constitutional standards and appropriately reflects a sentencing jury’s power to exercise considerable discretion.
*380 To pass constitutional muster a capital sentencing scheme must first genuinely narrow the class of death-eligible murderers and reasonably justify the imposition of such a severe sentence. (Lowenfield v Phelps, 484 US 231, 244.) Statutory aggravating factors serve this purpose by circumscribing the class of persons eligible for the death penalty (supra). In New York, Penal Law § 125.27 (1) satisfies this narrowing function by restricting eligibility for death to 12 separate aggravating categories of murder. These aggravating factors, if proven at the guilt phase of trial, are incorporated into the sentencing phase and deemed proven beyond a reasonable doubt (CPL 400.27 [3]; see, Lowenfield v Phelps, supra).
The capital sentencing determination must also rest on an individualized inquiry wherein the jury is required to consider the character and record of the individual offender and the circumstances of the particular offense (McCleskey v Kemp, 481 US 279, 305). “States cannot limit the sentencer’s consideration of any relevant circumstance that could cause it to decline to impose the penalty. In this respect, the State cannot channel the sentencer’s discretion, but must allow it to consider any relevant information offered by the defendant.” (Supra, at 306.) CPL 400.27 (9) provides for a wide range of mitigators to be presented to the jury. Moreover, mitigation evidence may be proffered to the sentencing jury as reliable hearsay and need be established only by a preponderance of the evidence (CPL 400.27 [6]).
After providing for these two constitutional threshold requirements the statutory scheme then guides the jury’s determination with specific instructions. The jury is first instructed that their choice of sentence is between death and life without parole and that this determination must be unanimous (CPL 400.27 [10]). In order to impose a sentence of death the jury must then unanimously find beyond a reasonable doubt that the aggravating factor or factors substantially outweigh any mitigating factors that have been established by a preponderance of the evidence.[1]
While the Supreme Court has held that such a weighing process may lead directly and mandatorily to the imposition of a death sentence (see, Blystone v Pennsylvania, 494 US 299 [1990]; Boyde v California, 494 US 370 [1990]), the conjunctive clause at issue here provides an additional safeguard for a de *381 fendant facing the death penalty. The requirement that the jury then unanimously determine whether death is the appropriate sentence affords the jury the opportunity to confront both the morality of a death sentence under the circumstances of a particular case and to grapple with the issue of mercy. It allows the jury to reject its own weighing determination if it so chooses.
At this stage articulated specific guidelines are not constitutionally required. Indeed, in Zant v Stephens (462 US 862, 875) the Court noted that the jury is permitted “to exercise unbridled discretion in determining whether the death penalty should be imposed after it has found that the defendant is a member of the class made eligible for that penalty”. Furthermore, “[a] capital sentencer need not be instructed how to weigh any particular fact in the capital sentencing decision”. (Tuilaepa v California, 512 US 967, 979.) Finally, in a clear reflection of its approval that the jury exercise discretion the Court has stated “[t]he jury is not required to find any mitigating circumstance in order to make a recommendation of mercy that is binding on the trial court” (Gregg v Georgia, 428 US 153, 197).[2]
In sum, the statutory scheme in New York State meets constitutionally required standards. Above and beyond those standards, CPL 400.27 (11) (a) empowers the jury to exercise its mercy function and decline to impose the death penalty even if it has found, after weighing aggravating and mitigating factors, that death would be warranted.
Defendant’s arguments that CPL 400.27 (11) (a) undermines appellate review and risks the arbitrary and capricious imposition of death are also based on a misreading of the statute. The jury is required to document on its verdict sheet the basis for its decision that the aggravating factors substantially outweigh the mitigating ones. A record of that process is thus available to the Court of Appeals for review (CPL 400.27 [11] [b]). If the jury invokes its discretionary power and does not sentence defendant to death it will be because it has rejected its own weighing determination. Surely such rejection is not arbitrary or capricious.
*382 Permissive Challenge
Defendant also argues that the remainder of CPL 400.27 (11) (a) is unconstitutional because it injects uncertainty and unreliability into the sentencing proceeding. The statute states that “[a]ny member or members of the jury who find a mitigating factor to have been proven by the defendant by a preponderance of the evidence may consider such factor established regardless of the number of jurors who concur that the factor has been established.” (Emphasis supplied.) Defendant claims that by using the permissive word “may” the Legislature allows a juror not to consider a mitigating factor even if he or she believes it was established.
Defendant’s argument distorts the statute’s plain meaning. The statute permits individual jurors who have already found specific mitigating factors proven by a preponderance of the evidence to independently evaluate and weigh the mitigation evidence they found established regardless of other jurors’ views of that same evidence. It thus encourages jurors to maintain conscientiously held positions.
Accordingly, defendant’s motion is denied in its entirety.

. Specific standards for balancing aggravating factors against mitigators are not constitutionally required. (See, Jurek v Texas, 428 US 262.)

. Defendant’s challenge under the New York Constitution is rejected and defendant’s reliance on People v Fitzpatrick (32 NY2d 499, cert denied 414 US 1033) is misplaced. In Fitzpatrick the jury had totally unchanneled discretion. In its present incarnation the statute requires the weighing of aggravators and mitigators and thus provides the jury with the necessary guidelines.